### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **TINA WITTE** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:18v214-HSO-JCG** |
| | § | |
| | § | |
| **ZURICH AMERICAN INSURANCE** | § | |
| **COMPANY and JOHN CHRISTNER** | § | |
| **TRUCKING, LLC** | § | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S MOTION [6] TO DISMISS, OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion [6] to Dismiss, or Alternatively, Motion for Summary Judgment filed by Defendant Zurich American Insurance Company. After due consideration of the Motion, related pleadings, the record, and relevant legal authority, the Court finds that Defendant Zurich American Insurance Company's Motion [6] to Dismiss should be granted in part and denied in part, and Plaintiff Tina Witte's claim against Defendant Zurich American Insurance Company for injunctive relief contained in Count I of the Amended Complaint [4] should be dismissed with prejudice. Plaintiff's remaining claims will proceed.

## I. BACKGROUND

### A. Factual background

#### 1. Plaintiff's accident and injuries

This case arises out of an 18-wheeler tractor trailer rollover which occurred

in Picayune, Mississippi, on June 23, 2016, while Plaintiff Tina Witte ("Plaintiff" or "Witte") was a passenger in the truck's sleeper car. *See* Am. Compl. [4] at 2. Plaintiff worked as a truck driver and maintained an occupational accident insurance policy (the "Policy") with Defendant Zurich American Insurance Company ("Zurich"). *See id.* at 3; *see also* Policy [4-2] at 1-21. The Policy offered various benefits, including coverage for Accident Medical Expense, for Temporary Total Disability, and for Continuous Total Disability. *See* Policy [4-2] at 4.

Plaintiff asserts that she sustained severe injuries as a result of the accident, which she characterizes as an occupational one. *See* Am. Compl. [4] at 3. Accordingly, she made a claim under the Policy, and Zurich has allegedly conceded that her claim should be paid as an occupational accident claim. *Id.* However, Zurich has taken the position that under the terms of the Policy, all medical treatment ceases after two years from the date of the accident, regardless of the circumstances. *Id.*

The Amended Complaint alleges that, at Zurich's request, Plaintiff underwent a medical examination performed by Dr. P. Caudill Miller, who opined that Plaintiff "has very significant impairment from her injuries, those injuries were disabling, and the injuries were directly and solely caused by the June 23, 2016 accident." *Id.* "Dr. Miller further opined that Plaintiff undergo a vertebroplasty, a surgical procedure where bone cement is injected into the vertebrae to stabilize the spine." *Id.* at 4. Plaintiff's treating physician also recommended that she undergo the vertebroplasty, but Zurich informed her that if

the surgery was not performed within 104 weeks of the date of the accident, or prior to June 21, 2018, it would not be covered. *Id.* Plaintiff maintains that this 104-week time limit for receiving medical benefits has interfered with her medical treatment and that this provision of the Policy should be invalidated as inconsistent with Mississippi Code § 71-3-5. *Id.* at 4-6.

Plaintiff also claims that although the Policy allows for 104 weeks of Temporary Total Disability benefits, Zurich has only paid her for 36 weeks of such benefits, even though she was entitled to them beginning on June 23, 2016, and continuing until the day her Amended Complaint [4] was filed on June 21, 2018. *Id.* Finally, Plaintiff contends that Zurich has improperly denied her requests for Continuous Total Disability benefits under the Policy. *Id.* at 5.

2.   The Policy

The Policy's effective date was January 1, 2015, for a continuous period of time until terminated. *See* Policy [4-2] at 3. The particular benefits at issue here are those for Accident Medical Expense, for Temporary Total Disability, and for Continuous Total Disability. *See id.* at 4.

The Policy provides for a Maximum Benefit Period of 104 weeks for Accident Medical Expense and Temporary Total Disability, while the Maximum Benefit Period for Continuous Total Disability is "[u]p to age 70, but not beyond full Social Security retirement age." Policy [4-2] at 4. The Policy defines "Maximum Benefit Period" as "the maximum period that [Zurich] will pay benefits, after the Waiting Period, under the Temporary Total Disability Benefit, the Continuous Total

Disability Benefit or the Accident Medical Expense Benefit." *Id.* at 6 (emphasis removed).

The Policy contains the following provision addressing conformity with state law:

> Any provision of the Policy that, on its effective date, is in conflict with the statutes of the state in which the Policy was delivered, is hereby amended to conform to the minimum requirements of such state laws.

*Id.* at 20 (emphasis removed).

B.    Procedural history

Plaintiff filed a Complaint [1] on June 20, 2018, followed by an Amended Complaint [4] on June 21, 2018, naming Zurich and her employer, John Christner Trucking, LLC, as Defendants, and invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.    The Amended Complaint advances the following claims against Defendants: (1) injunctive relief to invalidate the Policy's two-year limitation on medical treatment; (2) breach of contract; (3) intentional infliction of emotional distress; (4) breach of the implied duty of good faith and fair dealing; (5) bad faith; (6) negligent infliction of emotional distress; and (7) respondeat superior. *See* Am. Compl. [4] at 5-11.

Zurich has filed a Motion [6] to Dismiss or, Alternatively, Motion for Summary Judgment seeking dismissal of Plaintiff's claims.    According to Zurich, Plaintiff's claims all derive from her contention that the 104-week, or two-year, time limitation for payment of benefits contained in the Policy should be invalidated because it violates Mississippi law.    *See* Mot. [6] at 2.    Because Zurich believes

4

that the claim for injunctive relief should be dismissed, it posits that all of Plaintiff's claims are likewise subject to dismissal. *See id.* at 2-3.

Plaintiff responds that the 104-week or two-year maximum benefit accumulation period for medical benefits under the Policy is inconsistent with Mississippi law and should be stricken, and that her claim for injunctive relief should not be dismissed. *See* Pl.'s Mem. [9] at 4-7. Plaintiff contends that, even if her claim for injunctive relief is dismissed, her remaining claims are not automatically subject to dismissal on the same basis, as they are independent of the claim for injunctive relief. *Id.* at 7.

## II. DISCUSSION

### A. Relevant legal standards

#### 1. The parties' submissions

Zurich has filed a Motion to Dismiss under Rule 12(b)(6), or alternatively for Summary Judgment under Rule 56. Zurich submitted no exhibits in support of its Motion [6]. In response, Plaintiff submitted a copy of the Policy [8-1], the independent medical evaluation [8-2] conducted by Dr. Miller, and a May 31, 2017, letter from Zurich [8-3]. Of these exhibits, only the Policy was attached to and incorporated into the Amended Complaint [4]. *See* Policy [4-2] at 1-21.

"Typically, at the 12(b)(6) stage, the court is confined to the complaint." *Alexander v. Verizon Wireless Servs., LLC*, 875 F.3d 243, 247 n.4 (5th Cir. 2017) (citing Fed. R. Civ. P. 12(d)). When a claim necessarily fails as a matter of law, dismissal under Rule 12(b)(6) is appropriate. *See, e.g., Christiana Tr. v. Riddle,*

911 F.3d 799, 804-06 (5th Cir. 2018) (finding dismissal of claim appropriate when applicable federal statute shielded the defendant from any liability).   Zurich filed its Motion pursuant to Rule 12(b)(6), and alternatively under Rule 56, and it did not rely upon any evidence outside the pleadings.   Zurich seeks dismissal based upon the legal question of whether one provision of the Policy conflicts with Mississippi law.   Accordingly, the Court will consider Zurich's Motion as one under Rule 12(b)(6) and will exclude and not consider Plaintiff's other exhibits [8-2], [8-3].[1]   *See* Fed. R. Civ. P. 12(d).

2.    Rule 12(b)(6)

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016).   In order to be facially plausible, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

In considering a Rule 12(b)(6) motion, a court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff.

---

[1]  Even if the Court considered these exhibits under a summary judgment standard, the result would not change.   Zurich has demonstrated that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law as to the claim for injunctive relief.   *See* Fed. R. Civ. P. 56(a).

*Yumilicious Franchise, LLC*, 819 F.3d at 174.   Mere labels and conclusions, or a

"formulaic recitation of the elements of a cause of action will not do."   *Bosarge v.*

*Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (quoting *Iqbal*, 556 U.S.

at 678).   "Nor does a complaint suffice if it tenders naked assertion[s] devoid of

further factual enhancement."   *Id.* (quoting *Iqbal*, 556 U.S. at 678) (alteration in

original).

In resolving a Rule 12(b)(6) motion to dismiss, a court may consider the

complaint, its proper attachments, documents incorporated into the complaint by

reference, and matters of which a court may take judicial notice.   *See Doe v. United*

*States*, 853 F.3d 792, 800 (5th Cir. 2017), as revised (Apr. 12, 2017).

3.   <u>Interpretation of insurance policies</u>

Because this case arises under the Court's diversity jurisdiction, it is

governed by the substantive law of the forum state, Mississippi.   *See State Farm*

*Mut. Auto. Ins. Co. v. LogistiCare Sols., LLC,* 751 F.3d 684, 688 (5th Cir. 2014)

(citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).   Interpretation of

insurance policies presents a question of law.   *Id.*

An insurance policy is a contract, and its language and provisions are subject

to the same rules of interpretation as other contracts.   *Hayne v. The Doctors Co.*,

145 So. 3d 1175, 1180 (Miss. 2014).   The interpretation of an insurance policy

begins with its plain language.   If the language of the policy is clear and

unambiguous, it must be applied as written.   *Id.*   An ambiguity exists if a policy

can be logically interpreted in two or more ways; ambiguity is not created simply

because the parties disagree over the interpretation of the policy. *See Cont'l Cas.*
*Co. v. Allstate Prop. & Cas. Ins. Co.*, 235 So. 3d 40, 50 (Miss. 2017), *reh'g denied*
(Oct. 12, 2017) (quotation omitted). Any ambiguities in the policy are resolved in
favor of the non-drafting party. *See id.*

B.     Plaintiff's claim for injunctive relief

       1.     Statutory authority cited by Plaintiff

       Count I of the Amended Complaint [4] asks the Court to invalidate the
Policy's two-year limitation on the payment of medical expenses. *See Am. Compl.*
[4] at 5-6. While styled as a request for "injunctive relief," it appears that Plaintiff
is in substance seeking a declaratory judgment that this provision is invalid because
it conflicts with Mississippi law. *See id.*

       Count I specifically invokes Mississippi Code § 71-3-5, which provides in
relevant part as follows:

>       An owner/operator, and his drivers, must provide a certificate of
> insurance of workers' compensation coverage to the motor carrier or
> proof of coverage under a self-insured plan or an occupational accident
> policy. **Any such occupational accident policy shall provide a**
> **minimum of One Million Dollars ($1,000,000.00) of coverage.**
> Should the owner/operator fail to provide written proof of coverage to
> the motor carrier, then the owner/operator, and his drivers, shall be
> covered under the motor carrier's workers' compensation insurance
> program . . . . In the event that coverage is obtained by the
> owner/operator under a workers' compensation policy or through a self-
> insured or occupational accident policy, then the owner/operator, and
> his drivers, shall not be entitled to benefits under the motor carrier's
> workers' compensation insurance program unless the owner/operator
> has elected in writing to be covered under the carrier's workers'
> compensation program or policy or if the owner/operator is covered by
> the carrier's plan because he failed to obtain coverage . . . . **Nothing**
> **shall prohibit or prevent an owner/operator from having or**
> **securing an occupational accident policy in addition to any**

**workers' compensation coverage authorized by this section.**

Miss. Code Ann. § 71-3-5 (emphasis added).

In Plaintiff's Response [8], she relies upon Mississippi's Workers' Compensation Law, specifically Mississippi Code §§ 71-3-13, 71-3-15, and 71-3-17, to argue that the Policy's 104-week maximum benefit accumulation period for medical benefits is inconsistent with Mississippi law and should be stricken. Pl.'s Resp. [8] at 2. Plaintiff's theory is that the Policy conflicts with Mississippi Code § 71-3-13, which she claims provides for up to 450 weeks of temporary disability benefits, with section 71-3-15, which affords lifetime medical benefits, and with section 71-3-17, which provides for up to 450 weeks of disability benefits. *Id.* at 2-3.

The claim in Count I of the Amended Complaint [4] only concerns the Policy's 104-week, or two-year, maximum benefit for medical expenses. Mississippi Code § 71-3-13 speaks to minimum and maximum compensation amounts, based upon the average weekly wage of the state, for injuries resulting in disability or death. Compensation amounts are not at issue in Count I.[2]

Section 71-3-15 relates to medical services for an injured employee under the Workers' Compensation Law and provides that "[t]he employer shall furnish such

---

[2]  Even if Mississippi Code § 71-3-13 were applicable to the issue of the duration of payment of medical benefits, this statute imposes a ceiling, not a baseline, for the duration of such compensation. Specifically, the statute provides that "[t]he total recovery of compensation hereunder, exclusive of medical payments under Section 71-3-15, arising from the injury to an employee or the death of an employee, or any combination of such injury or death, shall not exceed the multiple of four hundred fifty (450) weeks times sixty-six and two-thirds percent (66- 2/3 %) of the average weekly wage for the state." Miss. Code Ann. § 71-3-13(2).

medical, surgical, and other attendance or treatment, nurse and hospital service, medicine, crutches, artificial members, and other apparatus for such period as the nature of the injury or the process of recovery may require." Miss. Code Ann. § 71-3-15. Finally, section 71-3-17 deals with disability compensation payments, specifically permanent total disability, temporary total disability, and permanent partial disability workers' compensation payments; it does not address the payment of medical expenses, which is the issue in Count I.

    2. <u>Application of the relevant Policy provision</u>

Plaintiff argues that under Mississippi law, when an insurance policy conflicts with Mississippi's statutory requirements, the offensive policy or provision will be stricken as invalid, and the statute will control. *See* Pl.'s Mem. [9] at 6 (citing *Owen v. Universal Underwriters Ins. Co.*, 252 F. Supp. 2d 324, 326 (S.D. Miss. 2003)).[3] Here, the Policy requires conformity with Mississippi law and states that "[a]ny provision of the Policy that, on its effective date, is in conflict with the statutes of the state in which the Policy was delivered, is hereby amended to conform to the minimum requirements of such state laws." Policy [4-2] at 20 (emphasis removed). The wording of this provision is plain and unambiguous and must be construed as written. Under its plain terms, amending the Policy to conform with state statutes is only required if one of its provisions "is in conflict" with state statutes on the Policy's effective date. *See id.* The Court cannot say

---

[3] *Owen* involved a claim for uninsured motorist insurance coverage, which implicates a different statutory scheme than that which addresses occupational accident policies and workers' compensation.

that the 104-week limitation is inconsistent or "in conflict" with the Mississippi statutes cited by Plaintiff.    *See id.*

While the Policy may not afford coverage for as long a period as might be available under the Mississippi Workers' Compensation Law, it does not appear that the 104-week time limitation on the payment of medical benefits conflicts with any provision of Mississippi law.    There is no dispute that the Policy affords $1,000,000.00 of coverage, as required for occupational accident policies by Mississippi Code § 71-3-5.    While section 71-3-15 of the Mississippi Workers' Compensation Law requires an employer to furnish medical and surgical treatment "for such period as the nature of the injury or the process of recovery may require," Miss. Code Ann. § 71-3-15, Plaintiff has not cited any legal authority that requires the temporal span of medical benefits coverage for an occupational accident insurance policy to be completely coextensive with that available under the Workers' Compensation Law, *see* Pl.'s Mem. [9] at 5-7.    Indeed, Mississippi Code § 71-3-15 does not specifically reference occupational accident policies; section 71-3-5 does.    Plaintiff is ostensibly asking the Court to rewrite the Policy to require Zurich to provide benefits that are equivalent to those provided to employees under the Workers' Compensation Law, but she has cited no legal authority that would justify such relief.

The Policy is clear that it does not purport to afford workers' compensation coverage.    The first page of the Policy's Insurance Certificate clearly states:

IMPORTANT NOTICE
THIS IS NOT A WORKERS' COMPENSATION POLICY AND IS NOT A

11

SUBSTITUTE FOR WORKERS' COMPENSATION COVERAGE.

Policy [4-2] at 1. Again, on the third page, the Policy states "**THIS CERTIFICATE IS NOT WORKERS' COMPENSATION** . . . ." *Id.* at 3 (emphasis in original).

Moreover, the text of Mississippi Code § 71-3-5 contemplates that an owner/operator may obtain both occupational accident insurance and workers' compensation coverages. *See* Miss. Code Ann. § 71-3-5 ("Nothing shall prohibit or prevent an owner/operator from having or securing an occupational accident policy in addition to any workers' compensation coverage authorized by this section."). This would seem to undercut Plaintiff's position that Mississippi law requires the two types of coverage to be identical.

The Court is not persuaded that the 104-week limitation on payment of medical benefits contained in Plaintiff's occupational accident Policy is inconsistent or "in conflict" with any of the state statutes she has referenced. Plaintiff therefore cannot rely upon the case law she cites or the conformity-with-state-statutes provision of the Policy to obtain the relief she seeks, *see* Policy [4-2] at 20, and the claim in Count I that seeks invalidation of the temporal limitation provision of the Policy cannot withstand dismissal. Zurich's Motion to Dismiss will be granted as to the claim for injunctive relief in Count I.

C.      Plaintiff's remaining claims

Although the Court has determined that Count I should be dismissed, it agrees with Plaintiff that the remaining claims in the Amended Complaint

encompass issues broader than the 104-week time limitation claim contained in Count I. Because Zurich has made no additional arguments for dismissal as to these other claims, Zurich's Motion to Dismiss will be denied as to Plaintiff's remaining claims.

## III. <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [6] to Dismiss, or Alternatively, Motion for Summary Judgment filed by Defendant Zurich American Insurance Company is **GRANTED IN PART**, as to the claim for injunctive relief set forth in Count I of the Amended Complaint [4], **and DENIED IN PART**, as to Plaintiff's remaining claims.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff Tina Witte's claim against Defendant Zurich American Insurance Company for injunctive relief contained in Count I of the Amended Complaint [4] is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 1st day of March, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE